UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DESHAWN TORRELL SALLEY,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

Case No. 8:23-cv-556-MSS-AEP

Crim. Case No. 8:19-cr-317-MSS-AEP

## O R D E R

Salley moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 1) The Court preliminarily reviews the motion for facial sufficiency. Rule 4(b), Rules Governing Section 2255 Proceedings. After reviewing the motion (Doc. 1) and the record, the Court **DISMISSES** the motion as untimely.

### PROCEDURAL HISTORY

In 2020, Salley pleaded guilty to possession with intent to distribute fifty grams or more of methamphetamine, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. (Crim. Doc. 93) The Court sentenced Salley to two concurrent terms of 120 months in prison for the drug and felon-in-possession convictions, and a consecutive term of sixty months for the possession of a firearm in furtherance of a drug trafficking crime conviction. (Crim. Doc. 93 at 3) Salley did not appeal.

Over two and a half years later, Salley filed his Section 2255 motion. (Doc. 1) He contends that he did not brandish or discharge a firearm and asserts that his possession of a firearm during a drug trafficking offense is not a crime. (Doc. 1 at 4) He cites *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *Bittner v. United States*, 143 S. Ct.

1

713 (2023) in support of his claim (Doc. 1 at 4–9) and asserts that the one-year statute of limitation under 28 U.S.C. § 2255(f) started when *Bruen* issued. (Doc. 1 at 16)

## ANALYSIS

A one-year statute of limitation applies to a Section 2255 motion. 28 U.S.C. § 2255(f). The limitation period starts "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Salley did not appeal his conviction and sentence, and the judgment became final when the time to appeal expired. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). The judgment entered on August 5, 2020 (Crim. Doc. 93), and the time to appeal expired fourteen days later — August 20, 2020. Fed. R. App. P. 4(b)(1)(A). The limitation period started the next day, and the time to file a Section 2255 motion expired a year later — August 23, 2021[1]. Because Salley placed in the hands of prison officials for mailing his Section 2255 motion on March 9, 2023 (Doc. 1 at 17), his Section 2255 motion is untimely. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (applying the mailbox rule to a Section 2255 motion filed by a prisoner).

Salley asserts that the limitation started on June, 23, 2022, when *Bruen* issued. (Doc. 1 at 16) Section 2255(f)(3) states that the limitation period may start:

> [T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The plaintiffs in *Bruen* sued New York state authorities, who manage the state's firearm licensing laws, in a federal civil rights action. *Bruen*, 142 S. Ct. at 2125. The plaintiffs asserted that the state authorities violated their Second and Fourteenth Amendment rights by

---

[1] *See* Fed. R. Civ. P. 6(a)(1)(C) (extending time to complete an act to the next day that is not a Saturday, Sunday, or legal holiday, when the last day is a Saturday).

denying their applications to carry a firearm for self-defense. *Bruen*, 142 S. Ct. at 2125. State law required an applicant who wanted to carry a concealed firearm in public for self-defense to "'demonstrate a special need for self-protection distinguishable from that of the general community.'" *Bruen*, 142 S. Ct. at 2123 (citation omitted).

*Bruen*, 142 S. Ct. at 2122, held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." The opinion required that "the government [ ] affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2126–27. The opinion determined that New York's requirement violated the Second Amendment because the historical record "does not demonstrate a tradition of broadly prohibiting the public carry of commonly used firearms for self-defense," and "historical tradition [does not] limit[ ] public carry only to those law-abiding citizens who demonstrate a special need for self-defense." *Bruen*, 142 S. Ct. at 2138. The opinion concluded: "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents **law-abiding citizens** with ordinary self-defense needs from exercising their right to keep and bear arms." *Bruen*, 142 S. Ct. at 2156 (bolding added).

Salley pleaded guilty and admitted the following facts. When executing a search warrant at Salley's home, federal agents discovered a Glock .45-caliber pistol loaded with seven rounds, a ballistic vest, nine grams of heroin, ninety-nine grams of marijuana, $2,338.00, plastic baggies, and two digital scales. (Crim. Doc. 62 at 16–17) After waiving his constitutional rights, Salley told the federal agents that he sold drugs and admitted that he owned and possessed the firearm for protection. (Crim. Doc. 62 at 17) At the time he

3

possessed the firearm, Salley knew that he had prior convictions for six felonies. (Crim. Doc. 62 at 17–18)

Because Salley, a convicted felon, possessed a firearm in furtherance of his drug trafficking activities, and *Bruen* established a right for "law-abiding citizens" in the context of firearms licensing, *Bruen* did not establish a newly recognized right that protects Salley. Also, Salley fails to cite, and the Court cannot find, an opinion by the United States Supreme Court or a court of appeals holding that *Bruen* applies retroactively to a criminal case on collateral review. Consequently, the limitation period did not start under Section 2255(f)(3) when *Bruen* issued. *See In re Terry*, No. 22-13615-C at *4 (11th Cir. Nov. 14, 2022)[2] ("[T]o the extent that the right recognized in *Bruen* is a previously unavailable, new rule of constitutional law, *Bruen* has not been 'made retroactive to cases on collateral review by the Supreme Court.'") (quoting 28 U.S.C. § 2255(h)(2)); *In re Williams*, No. 22-13997-B, 2022 WL 18912836 at *3 (11th Cir. Dec. 15, 2022) ("Although Williams cites to *Bruen* — a new decision applying constitutional principles that was not previously available — and argues that the holding in that case constitutes a new rule of constitutional law applicable to his felon-in-possession conviction, the Supreme Court did not expressly indicate that it was announcing a new rule of constitutional law applicable to cases on collateral review."); *Barragan-Gutierrez v. United States*, No. 23-cv-34-NDF, 2023 WL 2837337 at *2–*3 (D. Wyo. April 7, 2023) ("There is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality. . . . Numerous courts have come to the same conclusion about

---

[2] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

4

*Bruen*'s inapplicability to § 924(c), and this Court has not found any decisions to the contrary.") (citations omitted).³

Accordingly, Salley's Section 2255 motion to vacate (Doc. 1) is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Salley, **DOCKET** a copy of this Order in the criminal action, and **CLOSE** this case.

### DENIAL OF A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Salley neither makes a substantial showing of the denial of a constitutional right nor shows that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on May 18, 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

³ *Bittner v. United States*, 143 S. Ct. 713, 724–25 (2023), applied the rule of lenity to construe an ambiguous statute criminalizing the willful failure to notify the Secretary of the Treasury about banking transactions in a foreign country. Only two justices adopted the section of the opinion which applies the rule of lenity. *Bittner*, 143 S. Ct. at 713. Also, because the holding does not apply to a defendant who possesses a firearm in furtherance of a drug trafficking crime, *Bittner* does not establish a newly recognized right that protects Salley.

5